## Grier v. McAlarney, Executor, Appellant.

*Landlord and tenant—Distress—Executor—Replevin.*

An executor cannot distrain on a lease made by the heirs, although he has made a subsequent agreement with an assignee of the lessee reducing the rent.

Argued April 12, 1892.   Appeal, No. 40, Jan. T., 1892, by defendants, James McAlarney, executor of George Longenberger, deceased, landlord, and Martin C. Woodward, bailiff, from judgment of C. P. Columbia Co., Sept. T., 1890, No. 124, on verdict for plaintiff, W. A. M. Grier.   Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Replevin upon·distress for rent.

Defendant avowed as landlord.   Plaintiff's plea was " Non tenuit."

On the trial before IKELER, P. J., the following agreement was put in evidence by defendant :

" Whereas, W. A. M. Grier has purchased the interest of J. A. Losee in a certain lease of the coal upon the Catharine Longenberger tract of land, granted by the representatives of George Longenberger, deceased, the said land being situated in Columbia county, state of Pennsylvania, and whereas, certain modifications of the said lease are desired by the said purchaser : Now, therefore, it is agreed on the part of the said W. A. M. Grier that in consideration of the reduction of the rents in said lease as hereinafter mentioned he will at once sink a trial slope to the basin of the coal, commencing the said slope at the point agreed upon between J. A. Losee, Allen Mann and Charles Hutchinson, and the same to be completed without unnecessary delay.

" And in consideration thereof James McAlarney, executor of George Longenberger, deceased, hereby agrees to reduce the rents mentioned in the said lease to ten cents per ton for pea coal, fifteen cents per ton for nut coal, and twenty-five cents per ton for all larger sizes during the remainder of the term of said lease, the said rents to be paid under the terms and conditions of the said lease which in all other respects is to remain unchanged.

"Witness our hand and seals this first day of July, A. D. eighteen hundred and seventy-eight.

"W. A. M. GRIER.        [SEAL.]

"JAMES McALARNEY.        [SEAL.]

"Signed, sealed and delivered in the presence of

"A. RICKETTS."

The other facts sufficiently appear in the opinion of the Supreme Court.

*Errors assigned,* among others, were (2) the portion of the charge quoted in the opinion of the Supreme Court, quoting it; (4) the affirmance of plaintiff's second point, also stated in the opinion, quoting it.

*A. Ricketts,* for appellants.

*W. H. Rhawn* and *James Scarlet, C. E. Geyer* with them, for appellee.

PER CURIAM, April 25, 1892:

The second specification alleges that the court below erred in charging the jury as follows: " The testimony in this case does not prove a lease and rent in arrear due to James Mc-Alarney, executor of George Longenberger, deceased, so as to justify the distress and to entitle the defendant to recover in this case." This instruction was entirely accurate. The paper executed by W. A. M. Grier and James McAlarney, dated July 1, 1878, is not, in form or substance, a lease, and does not justify a distress for the rent by McAlarney, as executor. The paper refers to a lease between the representatives of George Longenberger, deceased, and one J. A. Losee. This lease appears to have been offered in evidence upon the trial below, but is not printed in the appellant's paper book. The only information we have in regard to it, is the statement in the paper book of the appellee, from which we learn that it was a lease by the children and heirs of George Longenberger, deceased, to the said J. A. Losee, dated Jan. 30, 1874. How the appellant, as executor of George Longenberger, can sustain a distress under this lease, has not been made to appear. Under these circumstances, it was entirely proper for the learned court below to affirm the plaintiff's second point, which asked for an

instruction that the allegata and probata did not agree.    This
view of the case renders a discussion of the remaining specifi-
cations unnecessary.

Judgment affirmed.